**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 5:15-72-KKC** |
| **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **GILL DEWAYNE GARRETT** | |
| **Defendant.** | |

\* \* \* \* \* \* \* \* \*

The defendant Gill Garrett has filed a letter in which he requests that the Court remove his court-appointed attorney and appoint him new counsel to represent him on appeal and on a motion to vacate under 28 U.S.C. § 2255.

Garrett pleaded guilty to conspiring to distribute cocaine and Fetanyl and to distributing Fetanyl, resulting in an overdose death. By judgment dated October 4, 2016, the Court sentenced Garrett to a total term of imprisonment of 240 months. Throughout the criminal proceedings, Garrett was represented by court-appointed attorney Jeffrey A. Darling. In a criminal case, a defendant's notice of appeal must be filed within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). Garrett did not file a notice of appeal after the judgment was entered. The time for doing so has now expired. Accordingly, the Court will not appoint Garrett counsel to file a notice of appeal.

As to Garrett's request for court-appointed counsel to file a motion to vacate under 28 U.S.C. § 2255, a defendant does not have a constitutional right to counsel beyond the first appeal of right. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The Court does have

1

discretion to appoint counsel in proceedings brought under § 2255 when the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). *See also* 28 U.S.C. § 2255(g). "Some of the factors the court should consider when making the decision to appoint counsel include the viability or frivolity of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case." *Sellers v. United States*, 316 F. Supp. 2d 516, 522 (E.D. Mich. 2004).

Garrett does not set forth any reason that he is entitled to relief under § 2255. Accordingly, the Court is unable to find that the "interests of justice" warrant the appointment of counsel in this case.

Garrett also asks for "whatever paperwork you can send pertaining to my case. " The Clerk of the Court has mailed him a docket sheet. An indigent defendant who has filed a § 2255 motion may be entitled to receive copies of court documents from the clerk of the court without cost. 28 U.S.C. § 2250. However, "[a] federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error." *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970). Thus, a defendant must first file his § 2255 motion and be granted leave to proceed in forma pauperis before he is entitled to court documents at no cost.

Accordingly, the Court hereby ORDERS that Garrett's motion to appoint counsel and his request for documents in the Court record (DE 129) are DENIED without prejudice.

Dated April 27, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY