UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>GILL DEWAYNE GARRETT<br>    Defendant. | CRIMINAL NO. 5:15-72-KKC<br><br><u>**OPINION AND ORDER**</u> |

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the defendant Gill Dewayne Garrett's motion to vacate his sentence under 28 U.S.C. § 2255 (DE 136). The magistrate judge has recommended that the Court deny the motion (DE 153), and Garrett has filed objections to the magistrate judge's recommendation (DE 166).

Garrett pleaded guilty to conspiring to distribute cocaine and fentanyl and to distributing fentanyl, which resulted in an overdose death. By judgment dated October 4, 2016, the Court sentenced Garrett to a total term of imprisonment of 240 months. On motion by the United States, the Court has recently decreased Garrett's sentence to 180 months.

The magistrate judge construed Garrett's §2255 motion to assert that his conviction and sentence should be set aside because there was insufficient proof that the fentanyl he distributed caused the victim's death. The magistrate judge noted that Garrett waived the right to collaterally attack his conviction or sentence except with claims of ineffective assistance of counsel. The magistrate judge determined that the waiver was knowing and voluntary. Accordingly, the magistrate judge determined that this claim regarding the sufficiency of the evidence was waived. The magistrate judge further determined the claim was procedurally defaulted because it could have been raised on direct appeal but was not. Finally, the magistrate judge determined that, in pleading guilty to the charge that he

distributed fentanyl, which resulted in an overdose death, Garrett admitted to facts sufficient to support his plea.

The magistrate judge also construed Garrett's motion to assert that his trial counsel was ineffective. The magistrate judge determined that Garrett had not alleged facts that established either deficient performance or prejudice.

In his objections, Garrett appears to again assert that there was an insufficient basis for his guilty plea to distributing fentanyl that resulted in a fatal overdose. Garrett does not address the magistrate judge's determination that he waived this claim or that the claim is procedurally defaulted. This claim must be dismissed for these reasons alone. As to the merits of the claim, Garrett admitted in his plea agreement that he sold a pill that he believed contained heroin and/or fentanyl to the victim, who ingested it and fatally overdosed. Garrett further admitted that toxicology reports revealed that the victim would not have overdosed but for the ingestion of fentanyl. (DE 92, Plea Agreement.) Accordingly, Garrett admitted to facts sufficient to support his plea to distributing fentanyl that resulted in the recipient's death.

In his objections, Garrett also continues to assert that his attorney was ineffective for failing to provide him with certain discovery and for failing to sufficiently consult with him. The magistrate judge adequately addressed these arguments and the Court agrees with his conclusion. As to any prejudice that Garrett suffered due to the performance of his counsel, the Court underscores that Garrett was facing a potential mandatory life sentence for his actions that led to the victim's death. As a result of plea negotiations, the United States agreed that Garrett would not be subject to the mandatory life sentence. (DE 92, Plea Agreement.) As the Court noted at the sentencing hearing in this matter, Garrett benefitted greatly from the plea agreement negotiated by his counsel.

In a letter filed after his objections, Garrett asks the Court to appoint counsel to assist him with "this appeal." The Court assumes that Garrett requests counsel to represent him on appeal of any judgment issued against him on this §2255 motion. A defendant does not have a constitutional right to counsel beyond the first appeal of right. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The Court does have discretion to appoint counsel in proceedings brought under § 2255 when the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). *See also* 28 U.S.C. § 2255(g). "Some of the factors the court should consider when making the decision to appoint counsel include the viability or frivolity of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case.*" Sellers v. United States*, 316 F. Supp. 2d 516, 522 (E.D. Mich. 2004).

The Court cannot find that reasonable jurists would find debatable or wrong this Court's assessment of Garrett's claims. Accordingly, the Court will not issue a certificate of appealability, and is unable to find that the "interests of justice" warrant the appointment of counsel to represent Garrett on appeal.

For all these reasons, the Court hereby ORDERS as follows:

1) The magistrate judge's recommended disposition (DE 153) is ADOPTED as the Court's opinion;
2) Garrett's objections to the recommended disposition (DE 166) are OVERRULED;
3) Garrett's motion to vacate, set aside or correct his sentence (DE 136) under U.S.C. § 2255 is DENIED; and
4) Garrett's motion to appoint counsel to represent him on appeal (DE 167) is DENIED and the Court will not issue a Certificate of Appealability.

Dated July 13, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY