# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>GILL DEWAYNE GARRETT<br>    Defendant. | CRIMINAL NO. 5:15-72-KKC<br><br><br>**OPINION AND ORDER** |

\* \* \* \* \* \* \* \* \*

This matter is before the Court on a letter by defendant Gill Dewayne Garrett (DE 198) in which he requests the Court to 1) order that he receive credit against his sentence for time served in custody prior to his federal indictment; and 2) that the Court order that his federal sentence run consecutive to a state sentence imposed for unrelated crimes. The Court must deny both requests.

Garrett pleaded guilty to conspiring to distribute cocaine and fentanyl and to distributing fentanyl, which resulted in an overdose death. By judgment dated October 4, 2016, the Court sentenced Garrett to a total term of imprisonment of 240 months. On motion by the United States, the Court decreased Garrett's sentence to 180 months.

As to Garrett's request that he receive credit against his sentence for time served in custody prior to his federal indictment in this matter, whether a defendant is entitled to prior-custody credit on a federal sentence is controlled by 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1)     as a result of the offense for which the sentence was imposed; or
> (2)     as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b).

The Bureau of Prisons (BOP) is responsible for calculating a defendant's sentence, including his entitlement to prior-custody credit. "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)). "To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant." *Id*.

Before challenging the BOP's calculation of his sentence in this Court, however, Garrett must exhaust the BOP's administrative remedies. *See* 28 C.F.R. § 542.10–16. After the BOP makes a final decision, Garrett may challenge that decision by filing a petition for judicial review under 28 U.S.C. § 2241 in the district in which he is incarcerated. *See Rogers v. United States*, 180 F.3d 349, 357-58 (1st Cir. 1999); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

Garrett's second request is that the Court order that his federal sentence be served after a state sentence that was imposed against him. Garrett does not provide any details regarding his state sentence. From this Court's records, it appears that the state sentence was imposed after this Court imposed the federal sentence and that the crimes underlying the state sentence were third-degree rape, trafficking in a controlled substance (not related to the conduct underlying his federal conviction), and being a felon in possession of a handgun. These were the state charges pending against Garrett at the time he was sentenced in this Court. A

state drug-trafficking charge based on the same conduct underlying this federal case was dismissed when the federal indictment was filed.

Garrett asserts that the state court ruled that the state sentence should run consecutive to the federal sentence. With his letter, he asks that this Court order the opposite: that the federal sentence run consecutive to the later-imposed state sentence.

The Court, however, is not permitted to amend Garrett's judgment at this point. The amended judgment was entered April 19, 2018. Federal Rule of Criminal Procedure 35(a) provides, "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Garrett does not assert any such error in the Court's judgment, and more than 14 days have elapsed since sentencing. Rule 36 permits the Court to, "at any time correct a clerical error in a judgment . . . ." But the defendant does not assert any such error.

Further, Garrett's request to amend the judgment to provide that the federal sentence must run consecutive to the state sentence appears to be moot. Garrett states that the reason he wants the Court to order that the state sentence be served first is so that he may be incarcerated at a medium-security prison while serving his federal sentence. According to the BOP website, Garrett is currently incarcerated at FCI Pollock, which is a medium-security prison.

For these reasons, the Court hereby ORDERS as follows:

1) Garrett's requests contained in his letter dated August 16, 2018 (DE 198) are DENIED;

2) The Clerk of the Court should amend the docket to reflect the following mailing address for Garrett, which was retrieved from the BOP's website:

FCI Pollock
1000 Airbase Rd.
Pollock, LA 71467, and

3) The Clerk of the Court shall mail a copy of this order to the defendant at the above address.

Dated February 19, 2019.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY